RECORD IMPOUNDED

 NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2568-15T1

M.P.,

 Plaintiff-Respondent,

 v.

E.S.,

 Defendant-Appellant.
__________________________________

 Submitted September 12, 2017 – Decided September 21, 2017

 Before Judges Fisher and Sumners.

 On appeal from the Superior Court of New
 Jersey, Chancery Division, Family Part, Bergen
 County, Docket No. FD-02-1125-10.

 E.S., appellant pro se.

 M.P., respondent pro se.

PER CURIAM

 Plaintiff M.P. (Margaret, a fictitious name) filed this

family court action to resolve custody, visitation, and child-

support disputes concerning the parties' only child, who is now

seven years old. Eventually, the proceedings resulted in an order

that called for defendant E.S. (Edward, also a fictitious name)
and the child to engage in reunification therapy. The propriety

of that order, however, is not before us.

 Instead, Edward's appeal concerns a later ruling – the denial

of his family court motion which sought relief from an earlier

protective order that limited the use and dissemination of Bergen

Family Center's custody-parenting-time report. Edward requested

that the protective order's limitations on the report's use and

dissemination be expanded so he might consider whether to pursue

his grievances with the Bergen Family Center and some of its

representatives in another forum.1 In urging the motion's denial,

Margaret asserted the child's and her right to keep confidential

those things they expressed to the evaluators.

 The motion judge denied relief for reasons expressed in a

cogent written opinion appended to the December 22, 2015 order

under review. The judge correctly observed and relied upon the

fact that the report's purpose was limited and that the parties

openly engaged in the evaluation process with the understanding

that the report would remain confidential and be used or

1
 In his trial court motion, Edward only identified his intention
to bring the matter to the attention of "the appropriate governing
agency, including the New Jersey State Board of Social Workers and
the New Jersey State Board of Psychological Examiners." In his
brief here, Edward evinces an intent "to sue the psychologist who
wrote a negative report against [him] and committed unethical
behavior, and to sue the Director of Bergen Family Center."

 2 A-2568-15T1
disseminated only insofar as it aided the court's disposition of

the parties' custody and parenting-time disputes. Consequently,

the judge found unwarranted Edward's request for relief from the

protective order.

 In appealing the December 22, 2015 order, Edward argues:

 I. TRIAL COURT EGREGIOUSLY ABUSED DISCRETION
 BY DENYING [HIS] APPLICATION TO LIFT
 PROTECTIVE ORDER ON BERGEN FAMILY CENTER WHICH
 VIOLATED [HIS] RIGHTS, AND IN WHICH [HE] WANTS
 TO PURSUE CLAIMS AGAINST BERGEN FAMILY CENTER
 FOR UNETHICAL BEHAVIOR, SINCE THERE IS NO
 COMPELLING STATE INTEREST, THERE IS NO
 INVASION OF PRIVACY, NO HARASSMENT, TO IMPOSE
 SUCH PROTECTIVE ORDER IN THIS MATTER FOR GOOD
 CAUSE. R. 5:3-2(b) & R. 5:3-3(g).

 II. TRIAL JUDGE ABUSED DISCRETION BY NOT
 INCLUDING RELEVANT FINDINGS OF FACT SUPPORTED
 BY RELEVANT CONCLUSIONS OF LAW PURSUANT TO R.
 1:7-4 IN DENYING [EDWARD'S] APPLICATION TO
 LIFT PROTECTIVE ORDER.

 III. TRIAL JUDGE ABUSED DISCRETION ON GROUNDS
 THAT COURT ISSUED PROTECTIVE ORDER ON AN
 EVALUATION BASED ON A FALSE ALLEGATION OF
 ABUSE MADE BY [MARGARET] AND/OR [HER]
 ATTORNEY, AND SAID FALSE ALLEGATION IS A "BAD
 FAITH" ACT, ENTITLING [MARGARET] TO NO RELIEF.

We find insufficient merit in Edward's Points II and III to warrant

further discussion in a written opinion, R. 2:11-3(e)(1)(E),

adding only as to Point II that, despite its brevity, the motion

judge's written decision more than adequately complied with Rule

1:7-4(a).

 3 A-2568-15T1
 We also reject Edward's Point I because we view his request

for relief from the protective order to be premature. Only until

the commencement of an administrative proceeding or civil lawsuit

will it be appropriate to entertain such a request; the present

controversy hasn't yet ripened into something justiciable.

 If, at some future time, Edward should timely commence a

lawsuit or an administrative proceeding that addresses the alleged

wrongful or unethical conduct, he may seek relief from the

protective order in that particular forum. Only in the context of

such a proceeding will the relationship between the alleged

misconduct or wrongdoing and the report itself become sufficiently

crystalized to allow that forum to consider whether it would be

appropriate to permit some additional use or dissemination of the

report. Whatever forum is called upon to resolve an application

for relief from the protective order should, of course, give full

consideration to the reasons for confidentiality in the first

place, as well as Margaret's and the child's competing interests.

 In summary, we conclude that Edward prematurely sought relief

from the protective order and, for that reason alone, we affirm

the order under review without opining on the other reasons

asserted by Margaret in seeking a rejection of Edward's arguments.

 Affirmed.

 4 A-2568-15T1